IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SPF BREWERY BLOCKS, LLC,

                                    No. 3:18-cv-1749-MO

      Plaintiff,

     v.                                  OPINION AND ORDER

ART INSTITUTE OF PORTAND, LLC,

      Defendant.

**MOSMAN, J.,**

This matter comes before me on Plaintiff's Motion for Attorney Fees and Expenses [21] and Bill of Costs [23]. Plaintiff seeks $44,167.00 in attorney fees, $393.09 in expenses, and $303.00 in costs. Defendant did not file a response to Plaintiff's motion.

## BACKGROUND

Plaintiff SPF Brewery Blocks (SPF) brought this action against Defendant Art Institute of Portland (AI) in Multnomah County Circuit Court. Todaro Decl. [1] Attach. 1 at 5. SPF alleged that AI, its tenant, had defaulted on its lease for the property located at 1122 NW Davis Street in Portland, Oregon. *Id.* The lease was guaranteed by AI's former parent company, Education Management Company (EMC), which declared bankruptcy in June 2018. *Id.* at 6. EMC's bankruptcy was an "event of default" under the terms of the lease. *Id.* SPF brought this state law forcible entry and detainer (FED) action in an attempt to quickly recover its property. Mot. to Remand [4] at 2; *see* Or. Rev. Stat. § 105.135(2) (requiring appearance in an FED action

seven days after the payment of filing fees). An FED judgment results in restitution of the property, an award of costs, and attorney fees; monetary damages are not permitted in an FED action. *See* Or. Rev. Stat. § 105.145. AI timely removed to this Court on the basis of diversity jurisdiction. Notice of Removal [1] at 1. SPF sought remand of the case to state court, arguing that an FED action cannot be removed on the basis of diversity jurisdiction because there is no amount in controversy—the only remedy available is restitution of the property. Mot. to Remand [4] at 6. In the alternative, SPF argued that remand was appropriate on abstention principles. *Id.* at 9–10.

Although SPF cited cases from this District in which diversity jurisdiction was denied because an FED action did not admit of an amount in controversy, I found those cases distinguishable and I denied SPF's motion to remand. Order [14]. Shortly thereafter, the parties filed a stipulation stating that AI was in default of its lease due to EMC's bankruptcy and judgment was entered in favor of SPF. Stipulated J. [20] at 1–2.

## DISCUSSION

### I. Entitlement

SPF does not argue that it is entitled to attorney fees as a prevailing party. Instead, SPF brings a contractual claim that it is entitled to reasonable attorney fees. Mot. [21] at 6. The lease agreement between SPF and AI stated that, in the event of default, SPF was entitled to "all damages caused by the default, including reasonable attorney fees. . . . [and] all legal expenses and other related costs incurred by Landlord following Tenant's default." Notice [9] Ex. A at 46. AI also stipulated to SPF's entitlement to "reasonable attorneys' fees, costs, and expenses incurred herein." Stipulated J. [20] at 2.

## II. Amount

### A. Attorney Fees

Oregon law governs the award of attorney fees. *Northon v. Rule*, 637 F.3d 937, 938 (9th

Cir. 2011) ("State laws awarding attorneys' fees are generally considered to be substantive laws

under the Erie doctrine . . . ."). Oregon courts generally award attorney fees based on the

lodestar method, in which courts multiply the reasonable number of hours spent on the case by a

reasonable hourly rate. *See Strawn v. Farmers Ins. Co. of Or.*, 297 P.3d 439, 447–48 (Or. 2013).

The lodestar may be adjusted based on the factors specified in Or. Rev. Stat. § 20.075.

*Alexander Mfg., Inc. Emp. Stock Ownership & Tr. v. Ill. Union Ins. Co.*, 688 F. Supp. 2d 1170,

1181 (D. Or. 2010). My analysis will therefore focus on whether SPF's requested hourly rates

and hours spent on this litigation are reasonable. SPF requests the following hours and rates:

| Person | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Amy Edwards | 29.5 | $490–525.00 | $14,966.00 |
| Andrew Solomon | 8.7 | $485–500.00 | $4,228.50 |
| Reed Morgan | 58.7 | $380–390.00 | $22,469.00 |
| Tyler Killeen | 1.7 | $325.00 | $552.50 |
| Julie Brown | 6.1 | $270.00 | $1,647.00 |
| Curt Tiegen | 3.8 | $80.00 | $304.00 |
| | | TOTAL | $44,167.00 |

As an initial matter, I find that SPF has timely produced an adequate documentation of its

billing records. SPF submitted an accounting of its attorney fees attached to the sworn

declaration of Amy Edwards, which suffices as a signed and detailed statement of the amount of

attorney fees. *See* Or. R. Civ. P. 68 C(4).

### 1. Hourly rates

"As a benchmark for comparing an attorney's billing rate with the fee customarily

charged in the locality, this Court uses the most recent Oregon State Bar (OSB) Economic

Survey." *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1244 (D. Or.

2013); *see* Oregon State Bar 2017 Economic Survey (available at https://www.osbar.org/_docs/

resources/Econsurveys/17EconomicSurvey.pdf) [hereinafter "OSB Survey"]. "If the rate

requested exceeds the average rate reported in the OSB Survey, the burden is on the prevailing

party to justify that higher rate. Even when such justification is present, the court usually limits

the hourly rate to the 75th percentile of the OSB Survey." *Prison Legal News v. Umatilla Cty.*,

No. 2:12-cv-01101-SU, 2013 WL 2156471, at *4 (D. Or. May 16, 2013) (citation omitted).

### a. Amy Edwards

Ms. Edwards is a commercial litigator and a partner at Stoel Rives with eighteen years of

experience. Edwards Decl. [22] at 3. SPF seeks $490 per hour for work Ms. Edwards performed

through November 30, 2018, and $525 per hour for her work after that date. Edwards Decl. [22]

at 2. According to the OSB Survey, attorneys in Portland with 16–20 years of experience billed

an hourly rate of $400 at the 75th percentile and $500 at the 95th percentile. OSB Survey at 39.

SPF argues that I should award an rate in excess of the 75th percentile because Ms. Edwards is

experienced in complex commercial litigation and real estate disputes. Mot. [21] at 8. SPF also

argues that I should use the OSB Survey's rates for attorneys practicing business and corporate

litigation, which are higher than the rates based only on experience. *Id.* The rates for business

and corporate attorneys practicing in Portland are $425 at the 75th percentile and $525 at the

95th percentile. OSB Survey at 40.

I find that the rates applicable to attorneys practicing business and civil litigation is the

appropriate comparator and that Ms. Edwards's requested rates—at or below the 95th

percentile—are reasonable in the light of her experience and the nature of this litigation.

### b. Andrew Solomon

Mr. Solomon is a real estate attorney and a partner at Stoel Rives with sixteen years of experience. Edwards Decl. [22] at 4. SPF seeks $485 per hour for work performed by Mr. Solomon through November 30, 2018, and $500 per hour for his work after that date. Edwards Decl. [22] at 2. As it did for Ms. Edwards, SPF argues that the rates for Mr. Solomon's area of practice should be used to determine a reasonable rate rather than the rates based on years of experience for attorneys of all stripes. The OSB Survey reported that rates for real estate attorneys in Portland ranged from $475 at the 75th percentile to $610 at the 95th percentile. OSB Survey at 42. I find that the rates based on area of practice are appropriate for evaluating the reasonableness of Mr. Solomon's rates. Although Mr. Solomon's requested rates are slightly higher than the 75th percentile for real estate attorneys, I find that the differences represent reasonable annual increases from the rates provided in the OSB Survey, which was conducted in 2017.

### c. Reed Morgan

Mr. Morgan is a commercial litigator and an associate at Stoel Rives with eleven years of experience. Edwards Decl. [22] at 4. SPF seeks $380 per hour for the work Mr. Morgan performed through November 30, 2018, and $390 per hour for his work after that date. Edwards Decl. [22] at 2. According to the OSB Survey, attorneys in Portland with 10–12 years of experience billed an hourly rate of $340 at the 75th percentile and $410 at the 95th percentile. OSB Survey at 39. As it did for Ms. Edwards, SPF argues that the rates for Mr. Morgan's area of practice should be used to determine a reasonable rate. I agree and I find that Mr. Morgan's rate is reasonable because it is less than the 75th percentile for corporate litigators in Portland. *See* OSB Survey at 40.

### d. Tyler Killeen

Mr. Killeen is an associate at Stoel Rives with less than three years of experience. *See* Edwards Decl. [22] at 5. SPF seeks $325 per hour for Mr. Killeen's work on this case. According to the OSB Survey, attorneys in Portland with 3 years of experience or less billed an hourly rate of $250 at the 75th percentile. OSB Survey at 38. SPF provided no reason to find that a higher rate is appropriate for Mr. Killeen's work. Therefore, I find that a reasonable rate for Mr. Killeen's work is $250 per hour.

### e. Julie Brown

Ms. Brown is a paralegal with twenty-two years of experience at Stoel Rives. Edwards Decl. [22] at 5. SPF requests $270 per hour for the work she performed.

"Although the OSB Economic Surveys contain no information regarding paralegal billing rates, Judges in this District have noted that a reasonable hourly rate for a paralegal should not exceed that of a first year associate." *Precision Seed Cleaners*, 976 F. Supp. 2d at 1248. The average hourly rate for a Portland attorney with three years of experience or less is $236 per hour. OSB Survey at 38. I conclude that $236 per hour is a reasonable rate for a paralegal with Ms. Brown's experience.

### f. Curt Tiegen

SPF describes Mr. Tiegen as a member of Stoel Rives's "Project Staff" and has submitted an accounting of the time he spent serving the summons and complaint in this case. *See* Edwards Decl. [22] Ex. 1 at 2. Because service of a summons and complaint is a cost of litigation rather than a component of an attorney fee, I address the amount requested by SPF for Mr. Tiegen's work in the section below that addresses SPF's request for costs.

## 2. Hours spent

The first question raised by SPF's request for attorney fees is whether it may claim time spent in unsuccessfully pursuing remand of this case. I agree with SPF that the motion to remand was an expense "caused by the default" and incurred in the litigation, as contemplated by the terms of the lease agreement and the stipulation between the parties. An FED action is normally a state procedure and SPF's motion to remand was a foreseeable consequence of AI's decision to remove the action to this Court. It was especially foreseeable given the prior decisions in this District regarding whether an FED action could be removed on the basis of diversity jurisdiction. Therefore, SPF's request for fees related to its motion to remand is appropriate. I also find that the total number of hours claimed and the allocation of work based on experience are reasonable for the complexity of this case.

## 3. Research Fees

SPF states that it seeks $393.09 for expenses. Mot. [21] at 4. Elsewhere, it also states that it seeks $143.89 for "expenses generated for service of summons and electronic research." *Id.* at 9. However, documentation submitted to substantiate these expenses shows $342.02 in electronic research costs and $51.07 in mileage expenses to serve the summons and complaint. As discussed above, expenses for the service of summons should be treated as costs rather than as an component of attorney fees. However, the Ninth Circuit has found that electronic research fees are recoverable as a component of attorney fees. *Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1259 (9th Cir. 2006). I find that SPF has shown that it incurred $342.02 in electronic research costs, which is a reasonable amount considering the demands of this case.

## III. Costs

The parties' lease agreement allows SPF to recover costs "caused by the default." Notice [9] Ex. A at 46. And the parties stipulated to the recovery of "reasonable attorneys' fees, costs, and expenses incurred herein." Stipulated J. [20] at 2. Unlike attorney fees, the award of costs is governed by federal law. 28 U.S.C. § 1920; *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003). In its Bill of Costs, SPF sought $303 for fees of the clerk and fees for printing. These costs are at recoverable under § 1920 and I find the costs reasonable.

In addition, in its motion for attorney fees and expenses, SPF sought reimbursement for fees associated with service of the summons and complaint in this case. SPF requested $304.00 for Curt Tiegen's time and $51.07 for mileage expenses in serving the summons and complaint in this case. Edwards Decl. [22] at 2–3. Finding that these expenses are properly categorized as costs, I must also determine whether they are permissible under 28 U.S.C. § 1920.

Section § 1920 permits "[f]ees of the clerk and marshal," which has been interpreted to include the costs of a private process server. *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 178 (9th Cir. 1990). Therefore, I find that SPF's request for costs associated with service are allowed. I also find $355.07 a reasonable cost for service of the summons and complaint.

## CONCLUSION

In summary, I reduce SPF's request by $334.90 to account for the reduced rates of Mr. Killeen and Ms. Brown. I award SPF $43,528.10 in attorney fees, $342.02 in expenses, and $658.07 in costs.

IT IS SO ORDERED

DATED this ____ day of April, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge